**PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., Plaintiff,**

v.

**OTTO–WAL, INC., Defendant and Third–Party Plaintiff,**

v.

**Harbor Olds–Cadillac, Inc., et al., Third–Party Defendant.**

No. 3:98CV7424.

United States District Court, N.D. Ohio, Western Division.

Sept. 4, 2003.

---

Dean D. Gamin, Esq., Robert C. Folland, Esq., Thompson Hine, Brett K. Bacon, Esq., Michael J. Holleran, Esq., Kathleen Elisabeth Roth, Esq., Frantz Ward, Cleveland, OH, for plaintiff/counter-defendant.

Michael R. Rankin, Esq., James E. Morgan, Esq., Hahn, Loeser & Parks, Columbus, OH, for defendant/third-party plaintiff/counter-defendant.

Catherine H. Killam, Esq., Arnold & Caruso, Henry Buswell Roberts, Jr., Esq., Shumaker, Loop & Kendrick, Toledo, OH, Mariann E. Butch, Esq., Benesch, Friedlander, Coplan & Aronoff, David R. Mayo, Esq., William R. Strachan, Esq., Strachan, Green, Miller, Olender & Hobt, Cleveland, OH, Robert J. Gilmer, Jr., Esq., Myron Charles Collins, Esq., Eastman & Smith, Toledo, OH, Douglas O. Miller, Delray Beach, FL, for third-party defendants/counter-claimants/cross-defendants/cross-claimants.

## ORDER

CARR, District Judge.

This is a diversity contract action in which the cross-defendant, Randall Walters, has filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). The gravamen of the motion is that the movant did not have notice of the judgment prior to its entry on September 14, 2001. He first learned about the judgment on November 21, 2002, when notified of a garnishment seeking to collect on the judgment.

Summary judgment was entered against Otto–Wal, in which the movant had an interest, on April 4, 2000. On May 25, 2000, this court directed counsel for the judgment debtor to move for entry of judgment against the movant by June 5, 2000.

More than a year later, no application for judgment having been filed despite the court's order a year earlier, this court on July 31, 2001, sua sponte ordered the judgment debtor to show cause by August 15, 2001, why its claim should not be dismissed for want of prosecution. On August 20, 2001, leave was granted until September 1, 2001 for the judgment debtor to comply with the July 31st order.

When the July 31, and August 20, 2001, orders were entered, the movant continued to have counsel of record—at least insofar as the court was concerned—namely, Michael Rankin and James Morgan of the firm of Hahn, Loeser & Parks in Columbus, Ohio.

Mr. Rankin, according to an affidavit submitted by the movant in support of his instant motion, had, however, begun working on December 10, 2000 outside the firm for American Electric Power. At that point, presumptively, he was no longer representing the movant. There is nothing in the record to show that the movant was apprized of that fact.

On June 1, 2001, Mr. Rankin left Hahn, Loeser & Parks. Neither he, Mr. Morgan, nor the firm has, according to the court's docket, filed a notice of withdrawal. Thus, counsel for the judgment debtor was not on formal notice that those attorneys may not have no longer represented the movant. Likewise, there is nothing in the record to indicate that the movant was informed of the fact that Mr. Rankin was no longer affiliated with the firm.

In late March, 2000, Hahn, Loeser & Parks changed its office address from 10 East Broad Street to 21 East State Street, Columbus, Ohio, and notified the court and counsel of that change

The court's docket does not indicate that either the July 31, 2001, or the August 20, 2001, orders directing the judgment debtor to show cause why this case should not have been dismissed for want of prosecution was returned to the court.

The application for entry of judgment was filed on September 4, 2001. The judgment sought to be vacated was entered without opposition on September 14, 2001.

Mr. Rankin's affidavit states that he never received a copy of the application for entry of judgment or the judgment entry which the instant motion seeks to have vacated.

There is are a couple of explanations for that contention: 1) Mr. Rankin was no longer with the firm; and 2) counsel for the judgment debtor sent the Application for Entry of Judgment, to the wrong address: 10 *West* Broad Street (Doc. 177, Exh. D), rather than 10 *East* Broad Street, then for six months the offices of Hahn, Loeser & Parks.

The judgment debtor's counsel has not refuted Mr. Rankin's assertion that he never received either the application for entry of judgment or the judgment entry. Said counsel has not represented to the court that the misaddressed application was returned (in which case, the burden would have been on counsel to exercise reasonable diligence to learn the whereabouts of Hahn, Loeser & Parks and Mr. Rankin).

Movant filed the instant motion on June 9, 2003—nearly seven months after learning about the judgment. His explanation for the delay is that he needed time to obtain counsel, investigate the circumstances of the judgment, and try to settle the case. This delay, movant contends, does not meet the requirement that a Rule 60(b)(6) motion "shall be made within a reasonable time...."

 As the Sixth Circuit has pointed out, Rule 60(b)(6) applies only in unusual and extreme situations where principles of equity mandate relief. *See, e.g., McCurry*

*ex rel. Turner v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir.2002). I conclude that fairness—which is the core of equity—mandates granting the motion for relief from judgment.

There is no dispute that the movant did not receive notice of the application for judgment or its entry, and that he remained unaware of the judgment for more than fourteen months after its entry. No fault whatsoever can be attributed to the movant for his ignorance. The fault for that condition lies, rather, with how this case was handled after entry of summary judgment in favor of the judgment debtor.

For more than a year, until prompting sua sponte by the undersigned, the case languished. It would not have been unreasonable for the movant to assume, as time continued to pass, that the judgment debtor was no longer interested in him, or collecting from him. To the extent that such assumption arose, it would have been understandable, in view of the lack of action that was being taken to reap the benefits of the summary judgment in the judgment debtor's favor.

Then, for more than another year, nothing—or, at least nothing that called the movant's attention to the entry of judgment—happened.

Movant's counsel, were no more diligent in protecting the movant's interests. No motion for leave to withdraw was filed. Nor, apparently, was the movant notified that withdrawal was to be sought, or of what steps he had to take to protect his interests. The court was not informed that notices should be sent to the movant, rather than to his counsel of record.

When, moreover, the application for judgment was filed, it was mailed to an address which counsel of record no longer occupied.

Finally, I note that the movant asserts that the amount of the judgment is inflated.

Under all the circumstances, I believe that equity—simple fairness—entitles the movant to an opportunity to be heard in defense of the application for judgment. Though somewhat tardy in his submission of his motion, that fact does not outweigh the equitable factors justifying a decision that it be granted.

In light of the foregoing, it is

ORDERED THAT the motion of the defendant Randall Walters for relief from judgment (Doc. 174) be, and the same hereby is granted; motion for stay of execution (Doc. 178) overruled as moot.

The Clerk shall forthwith schedule a telephone status conference.

So ordered.